UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
MISC. 3:19-mc-60
FILED
CHARLOTTE, NC
JAN 25 2019
US DISTRICT COURT
WESTERN DISTRICT OF NC

|  |  |
|---|---|
| IN THE MATTER OF ) <br> APPOINTMENT OF NORTH ) <br> CAROLINA PRISONER LEGAL ) <br> SERVICES, INC., IN STATE ) <br> PRISONER CIVIL RIGHTS CASES ) <br> ) | STANDING ORDER |

This Standing Order is hereby entered to reflect an agreement this Court has reached with North Carolina Prisoner Legal Services, Inc. ("NCPLS") in state prisoner civil rights cases. This Order applies only to civil rights actions filed by North Carolina state prisoners against current and former employees of the North Carolina Department of Public Safety, Division of Adult Correction ("DPS").

The Court hereby **ORDERS** that:

1. NCPLS shall establish and maintain an email inbox for the Court's use in serving NCPLS with appointment orders and other related filings.

2. When the Court has reviewed a state prisoner's civil rights complaint pursuant to 28 U.S.C. § 1915 or § 1915A, identified any cognizable claim(s), and directed the clerk to maintain management of the action, the clerk shall send a copy of the order to the plaintiff, together with a Notice to the Plaintiff and Form Response (Form A) by which the plaintiff can indicate if he/she consents to the appointment of NCPLS by the Court to conduct discovery on his or her behalf. If the plaintiff accepts appointment of NCPLS for the purpose of conducting discovery, the court will appoint NCPLS for this purpose in a Scheduling Order setting a period for discovery after defendant(s) have been served and answered the complaint.

3. Should NCPLS be unable to accept an appointment for any reason, including a lack
1

of resources or a conflict of interest, it shall file a Notice of Non-Representation (Form B) informing the Court that it declines representation within 10 days after the Scheduling Order has been entered.

4. Upon appointment by the Court, and within 60 days of entry of the Scheduling Order, NCPLS will serve discovery requests on counsel for defendant(s). Documents and materials covered by these provisions, so long as they are relevant to the action, may appropriately include but are not limited to grievance forms, use-of-force reports, incident reports, disciplinary reports, inmate medical records, video footage, photographs, PREA reports, and personnel records including records of pre-disciplinary conferences, letters of reprimand, and unsatisfactory TAP entries.

5. If defense counsel believes that any documents or materials are responsive to NCPLS's discovery requests but contain confidential information which would not be appropriate to divulge to the inmate-plaintiff, counsel may move the Court for entry of a protective order. All discovery requests from DPS employees shall be made to the Correction Section of the Attorney General's Office.

6. Upon conclusion of the discovery period, NCPLS will file with the Court a Response to Discovery Order (Form C). The Response will indicate that: (a) NCPLS will provide representation; (b) the appointment of counsel is not necessary; (c) the plaintiff has declined any further assistance by NCPLS; or (d) the reviewing NCPLS attorney feels that the plaintiff's case is meritorious but NCPLS lacks adequate resources to provide representation.

7. If NCPLS provides representation to the plaintiff, NCPLS may request that the Court order an additional discovery period that will include time for depositions of parties and witnesses and designations of expert witnesses prior to the deadline for dispositive motions.

8. If NCPLS declines representation or the plaintiff rejects NCPLS's further representation following the period of discovery, NCPLS will provide the plaintiff with a packet of discovery materials to assist the plaintiff in either filing or responding to any dispositive motion. The packet will not include any documents or material subject to a protective order, and NCPLS will return any such documents or material to defense counsel at the conclusion of discovery.

9. In its discretion, the Court may appoint NCPLS for limited purposes in other phases of a state prisoner's civil rights case, including: filing a response to dispositive motion(s), representing plaintiff in a court-hosted settlement conference, representing the plaintiff at trial or other hearing, and executing a judgment.

10. NCPLS attorneys who are members in good standing of the Bar of either the State of North Carolina the United States District Court of the Eastern District of North Carolina or the United States District Court for the Middle District of North Carolina may appear in prisoner civil rights cases without associating with local counsel or paying an attorney admission fee to the Bar of this Court. By making appearance in such cases, attorneys agree to abide by the Local Rules, the North Carolina Rules of Professional Conduct, and to submit themselves to this Court for the enforcement of such rules. NCPLS lawyers who are not also members of the WCNC Bar will be permitted to establish an ECF account with the Clerk of Court for purposes of prisoner civil rights representation.

11. There is no statutory provision for the reimbursement of expenses, however, the Court will provide reimbursement for some reasonable out-of-pocket expenses from its Attorney Admission Fee Fund (the "Fund") up to $3,000 per plaintiff, except that cap may be waived in the presence of extraordinary circumstances. Examples of out-of-pocket costs related to the representation that may be reimbursed by the Court include the pre-approved cost of lodging and

3

Case 3:19-mc-00060-FDW   Document 1   Filed 01/25/19   Page 3 of 11

meals (limited to actual expenses not to exceed the government *per diem* allowance for court personnel), mileage in excess of a 30 mile radius (limited to reimbursement at the then-current government rate), actual copying expenses, computerized research, deposition costs, witness fees and service of process fees, the pre-approved cost of expert witnesses, and necessary telephone calls, e-mails, and postage. Examples of costs that will not be reimbursed include staff costs (secretaries, paralegals, etc.) and overhead expenses. Receipts are required for all reimbursement requests.

**IT IS SO ORDERED.** January 24, 2019

_____
Frank D. Whitney, Chief
U.S. District Judge

# FORM A

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

Case No. _____

_____,               )
                            )
        Plaintiff,          )
                            )
v.                          )        **NOTICE TO PLAINTIFF**
                            )
_____,               )
                            )
        Defendant(s).       )
                            )
_____)

      The Court has directed the Clerk of Court to maintain management of this action and defendant(s) is/are in the process of being served with the Complaint. You are hereby notified that North Carolina Prisoner Legal Services, Inc. ("NCPLS"),[1] may be available to assist you in conducting discovery if ordered to do so by the Court at the appropriate time. If you accept NCPLS's assistance, and if NCPLS accepts your case, NCPLS will serve discovery requests on defendant(s) on your behalf, collect the discovery responses, and provide you with a set of materials pertaining to your case. Additionally, NCPLS will report to the Court whether it is willing to represent you in this action beyond the discovery period.

      You are not required to accept any assistance by NCPLS, and you can decide now that you do not want NCPLS to conduct discovery on your behalf or to represent you. However, there is no general right to court-appointed counsel in civil cases, and counsel is only appointed in exceptional cases.

---

[1] NCPLS is a non-profit legal services firm, contracted with the Office of Indigent Defense Services ("IDS") to assist in providing inmates who are in the custody of the North Carolina Department of Public Safety, Division of Adult Correction with their constitutional right of meaningful access to the courts.

5

Case 3:19-mc-00060-FDW    Document 1    Filed 01/25/19    Page 5 of 11

Please fill out the enclosed form indicating whether you want NCPLS to assist you in conducting discovery, and return it to:

United States District Court
Western District of North Carolina
Clerk of Court
401 West Trade Street, Room 210
Charlotte, NC 28202

You must sign, date, and return this form within twenty-one (21) days of the date of this Order. Your failure to return this form by that deadline may be construed as rejection of NCPLS's assistance, and the Court may not order NCPLS to conduct discovery on your behalf.

# FORM A

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

Case No. _____

_____,

   Plaintiff,

v.

_____,

   Defendant(s).

**PLAINTIFF'S RESPONSE TO NOTICE**

  I have read the "Notice to Plaintiff" informing me of NCPLS's availability to assist me in conducting discovery in ordered to do so by the Court at the appropriate time. I understand that, if I accept NCPLS's assistance, and NCPLS is able to accept my case, NCPLS will serve discovery requests on defendant(s) on my behalf, collect the discovery responses, provide me with a set of materials pertaining to my case, and report to the Court whether it is willing to represent me in this action beyond the discovery period. I further understand that there is no general right to court-appointed counsel in civil cases, and it is highly unlikely that the Court will appoint counsel for me.

  Accordingly, I hereby

  ___ ACCEPT the assistance of NCPLS during the discovery period and agree to allow NCPLS to conduct discovery on my behalf if ordered to do so by the Court.

  ___ REJECT the assistance of NCPLS, including any legal representation in my case.

_____         _____
Date                       Plaintiff's Signature

                      _____
                      Plaintiff's Printed Name

**FORM B**

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

Case No. _____

_____,
   **Plaintiff,**

v.

_____,
   **Defendant(s).**

**NCPLS NOTICE OF
NON-REPRESENTATION**

  In response to the Courts' Order and pursuant to Standing Order _____, North Carolina Prisoner Legal Services, Inc. ("NCPLS") hereby informs the Court that it is unable to accept appointment in the above-captioned case.

                 _____
                 Staff Attorney
                 North Carolina Prisoner Legal Services, Inc.
                 P.O. Box. 25397
                 Raleigh, North Carolina 27611
                 (919) 856-2211

**CERTIFICATE OF SERVICE**

  I certify that on _____[date], I electronically filed the foregoing document with the Clerk of Court using the CM/ECF systems which will send notification to the following:

  I further certify that on _____[date], I mailed the foregoing document via USPS, postage prepaid, to the following:

8

Respectfully submitted,

_____
Staff Attorney
North Carolina Prisoner Legal Services, Inc.
P.O. Box. 25397
Raleigh, North Carolina 27611
(919) 856-2211

9

<u>**FORM C**</u>

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

Case No. _____

_____,  )
                        )
           **Plaintiff,**   )
                        )
v.                            )         **NCPLS RESPONSE TO**
                        )         **DISCOVERY ORDER**
_____,     )
                        )
          **Defendant(s).**   )
                        )
_____ )

        In response to the Courts' Order and pursuant to Standing Order _____, I have assisted Plaintiff with conducting discovery in this case. As a result of my review of the discovery:

\_\_(A)   North Carolina Prisoner Legal Services, Inc. ("NCPLS") will provide representation to Plaintiff in this action.

\_\_(B)   In the opinion of NCPLS, appointment of counsel is not required in this action. NCPLS has provided advice and assistance to Plaintiff.

\_\_(C)   Plaintiff has declined any further assistance by NCPLS following the discovery period.

\_\_(D)   In the opinion of NCPLS, Plaintiff's case is meritorious but NCPLS lacks adequate resources to provide representation.

                                                      _____
                                                      Staff Attorney
                                                      North Carolina Prisoner Legal Services, Inc.
                                                      P.O. Box. 25397
                                                      Raleigh, North Carolina 27611
                                                      (919) 856-2211

10

Case 3:19-mc-00060-FDW     Document 1     Filed 01/25/19     Page 10 of 11

## CERTIFICATE OF SERVICE

I certify that on _____[date], I electronically filed the foregoing document with the Clerk of Court using the CM/ECF systems which will send notification to the following:

I further certify that on _____[date], I mailed the foregoing document via USPS, postage prepaid, to the following:

Respectfully submitted,

_____
Staff Attorney
North Carolina Prisoner Legal Services, Inc.
P.O. Box 25397
Raleigh, North Carolina 27611
(919) 856-2211

11